# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:22-CR-03071-MDH |
| ) | |
| MICHAEL HUNT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Suppress. Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, Defendant's Motion to Suppress was referred to the United States Magistrate Judge for preliminary review under § 636 (b), Title 28, United States Code. The United States Magistrate Judge has completed his preliminary review of the issues raised and has submitted a report and recommendation to the undersigned recommending Defendant's Motion to Suppress be denied. For reasons herein, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation, which is incorporated herein, and **DENIES** Defendant's Motion to Suppress.

## BACKGROUND

On or about June 9, 2022, Associate Circuit Judge Margaret Palmietto of Missouri's 31st Judicial Circuit signed a search warrant prepared by Task Force Officer Stephen Connor, seeking, among other information, GPS location data for Verizon cellphone number 573-303-6984 between June 9, 2022 and June 18, 2022. Officer Connor's request, according to the search warrant documents, followed a tip from a confidential source indicating this cell phone number and people

associated with it were involved in transporting illegal narcotics between Columbia and Springfield, Missouri. On or about June 10, 2022, Verizon location data placed the phone associated with number 573-303-6984 in or near Columbia, Missouri. Additional location information and surveillance established a connection between the location of the phone associated with 573-303-6984 and a black Jeep Renegade with California license plates 8XMP053.

On June 12, 2022, updated location data placed the phone southbound on Missouri Highway 63. After communicating with Officer Connor, Laclede County Sergeant Jake Allen located a vehicle matching the description of the Jeep previously determined to be associated with phone number 573-303-6984. Officer Allen observed the vehicle traveling seventy-two miles per hour in a sixty-five mile per hour stretch of highway and initiated a traffic stop based on the observed speed violation. Officer Allen informed the driver, later identified as Defendant, of the reason for the stop. While the vehicle was stopped, Officer Allen deployed Police Service Dog Jude, specifically trained to detect methamphetamine, heroin, cocaine, and all base odors and derivatives associated with these substances, but not trained to detect marijuana, to conduct an exterior sniff search of the Jeep. Jude is certified annually through the North American Police Work Dog Association and the Missouri Police Canine Association. During the search, Jude gave a positive alert on the front passenger door seam of the Jeep. A subsequent search of the Jeep revealed a duffel bag in the front passenger seat with several plastic bags containing a white powder that field tested positive for fentanyl. Defendant was arrested and later charged with one count of possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

# DISCUSSION

## I. Search Warrant Valid

Defendant contends the search warrant is invalid under the Fourth Amendment of the United States Constitution and also fails to comport with Missouri statute. Though somewhat unclear, Defendant's constitutional argument appears to focus on whether the search warrant included sufficient particularity. "The Fourth Amendment mandates that no Warrants shall issue… [unless] particularly describing the place to be searched, and the persons or things to be seized." *United States v. Shrum*, 59 F.4th 968, 973 (8th Cir. 2023) (quoting U.S. Const. amend. IV). This is done to prevent, "officers from conducting general, exploratory rummaging of a person's belongings." *Id. (*quoting *United States v. Sigillito*, 759 F.3d 913, 923 (8th Cir. 2014)). The warrant at issue here, Defendant contends, fails to satisfy the particularity requirement because it fails to identify Defendant's name or birth date. This argument fails, however, because, as the Magistrate Judge notes, the warrant sought position location data from Verizon for a specific phone number, rather than property in Defendant's possession. The warrant specifically identifies, *inter alia*, the specific data sought and the timeframe needed. The warrant includes sufficient detail to satisfy the Fourth Amendment's particularity requirement.

Though also unclear, Defendant appears to argue that the warrant is invalid under Missouri law because Judge Palmietto issued the warrant in Missouri's 31st Judicial Circuit, though the search occurred in a different judicial circuit in Missouri. Defendant again appears to conflate his roadway search and seizure with the warrant, issued for electronic data from Verizon. Missouri statute specifically authorizes Missouri judges to issue interstate warrants to out-of-state telecommunications companies for certain electronic data that would reveal, *inter alia*, the location

of their customers' devices. Mo. Rev. Stat. § 351.609. Defendant's state law challenges to the warrant, therefore, fail as well.

   II.     **Vehicle Stop and Search Valid**

Defendant contends the vehicle stop was constitutionally invalid because it was pretextual. Specifically, Defendant argues the stop was pretextual because, though Officer Allen stated that he stopped the vehicle operated by Defendant for speeding, he actually stopped the vehicle as part of the ongoing narcotics investigation. Even if Defendant is correct, however, this does not show the seizure was unconstitutionally pretextual. At the oral hearing on Defendant's Motion, Officer Allen testified he observed Defendant traveling above the posted speed limit and the Magistrate Judge found this testimony credible. Officer Allen's observation of Defendant speeding provided probable cause for the initial traffic stop. "Any traffic violation, however minor, provides probable cause for a traffic stop." *United States v. Adler*, 590 F.3d 581, 583 (8th Cir. 2009) (internal quotations omitted). "Once an officer has probable cause, the stop is objectively reasonable and any ulterior motivation on the officer's part is irrelevant." *United States v. Gunnell*, 775 F.3d 1079, 1083 (8th Cir. 2015) (internal quotation omitted). Further, probable cause to search Defendant's vehicle derived from Jude, a police dog trained and certified to detect, *inter alia*, heroin and its derivatives, alerting officers to the presence of narcotics at the passenger door of the vehicle operated by Defendant. "Assuming that the dog is reliable, a dog sniff resulting in an alert on a container, car, or other item, standing alone, gives an officer probable cause to believe that there are drugs present." *United States v. Donnelly*, 475 F.3d 946, 955 (8th Cir. 2007) (internal citations omitted).

## CONCLUSION

For reasons herein, Defendant's Motion to Suppress is **DENIED** and the Magistrate Judge's Report and Recommendation is **ADOPTED** and incorporated herein.

**IT IS SO ORDERED**.

DATED: May 14, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**